NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 23-132

PRESTON MARSHALL

VERSUS

ELAINE T. MARSHALL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2022-0144
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Charles G. Fitzgerald and Gary J. Ortego, Judges.

MOTION TO SUPPLEMENT RECORD DENIED.

**James Michael Garner**
**Ashley G. Coker**
**Sher, Garner, Cahill, Richter, Klein & Hilbert, L.L.C.**
**909 Poydras Street, Suite 2700**
**New Orleans, LA 70112**
**(504) 299-2100**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
  **Preston Marshall**

**Phillip W. DeVilbiss**
**Kean Miller, L.L.P.**
**4865 Ihles Road**
**Lake Charles, La 70605**
**(337) 430-0350**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Ehlers and Associates, CPA's, L.L.C.**
  **Terranova Williams Klein, CPA's, L.L.C.**

**Daniel A. Kramer**
**Lundy, Lundy, Soileau & South, L.L.P.**
**Post Office Box 3010**
**Lake Charles, LA 70602**
**(337) 439-0707**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
  **Preston Marshall**

**Taylor Ashworth**
**Kean Miller, L.L.P.**
**600 Jefferson Street,  Suite 1101**
**Lafayette, LA 70501**
**(337) 235-2232**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Ehlers and Associates, CPA's, L.L.C.**

**GREMILLION, Judge.**

Appellants, Terranova Williams Klein CPA's, LLC and Ehlers and Associates, CPA's LLC, have filed a motion to supplement the appellate record. For the reasons set forth herein, we deny the motion

Appellants are non-parties to litigation pending in Texas Probate Court entitled *Preston Marshall v. Elaine T. Marshall, as Trustee of the Marshall Grandchildren's Trust,* No. 443778. There is no underlying litigation in Louisiana district court. The instant matter began in Louisiana district court on February 11, 2022, when Appellants initially objected to subpoenas issued by Appellee, Preston Marshall, in the Texas proceeding pursuant to La.R.S. 13:3825, the Louisiana Uniform Interstate Deposition and Discovery Act. On February 22, 2022, Appellants filed a Motion to Quash and for Protective Order wherein they sought to quash any and all subpoenas and subpoenas duces tecum issued by Appellee for documents belonging to their client, Elaine T. Marshall. In response, on March 15, 2022, Appellee filed a Cross Motion for Contradictory Hearing for Issuance of Subpoenas Duces Tecum to Accounting Firms to Produce Trust Records. Following a hearing held on July 12, 2022, Appellants' motion was denied, and Appellee's cross motion was granted in part and deferred pending and *in camera* inspection of certain documents. A written judgment was signed on August 1, 2022.

Appellants subsequently filed a Notice of Intent to Apply for Supervisory Writ and Motion to Set Return Date. On January 23, 2023, this court converted the writ application to an appeal. The instant appeal was then lodged in this court on March 10, 2023.

On May 18, 2023, Appellants filed peremptory exceptions of mootness and lack of jurisdiction in the instant appeal. In those exceptions, Appellants explain that the judgment at issue orders Appellants to respond to discovery subpoenas issued in a lawsuit in Texas Probate Court that has already been tried to a conclusion. Although

Appellee, Preston Marshall has judicially admitted that the Texas lawsuit has been tried, out of an abundance of caution, Appellants request that the appellate record be supplemented to include a certified copy of the final judgment rendered in the Texas lawsuit.

Appellants argue that this court is entitled to supplement the record pursuant to La.Code Civ.P. art. 2132, which reads:

> A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

Appellants refer to comment (b) to the Official Revision Comments to Article 2132 which provides that the "record should represent the truth." Appellants urge that to ensure that the record reflects the truth about the underlying Texas lawsuit, the appellate record should be supplemented to include a certified copy of the Texas Probate Court's judgment. Appellants maintain that the fact that the case from which this discovery order stems has been tried to a conclusion is a fact that the parties are obligated to bring to this court's attention. *See St. Charles Parish School Bd. v. GAF Corp.*, 512 So.2d 1165 (La.1987).

If this court does not order the record supplemented on its own accord, Appellants assert that this court should order the district court to admit the final judgment from the Texas lawsuit into the suit record below, and then provide that final judgment to this court so that it can be supplemented into the appellate record.

In opposition to the motion to supplement the record, Appellee objects to Appellants' reference to facts outside the record of this case, which was fixed as of the trial court's August 1, 2022 judgment. Appellee asserts that pursuant to La.Code Civ.P. art. 2164, an appellate court can only render a judgment "upon the record on appeal." An appellate court, Appellee maintains, cannot review evidence that is not in

2

the record on appeal and cannot receive new evidence. *City of Hammond v. Par. of Tangipahoa*, 07-574 (La.App. 1 Cir. 3/26/08), 985 So.2d 171. Appellee urges that Appellants have attempted to put forth new evidence and facts that have occurred after the trial court issued its ruling. Appellee does not deny that the Texas Probate Court rendered judgment after a jury trial. Appellee argues, however, that the fact that the case is still pending makes Appellant's motion to supplement the record immaterial. Appellee contends that the evidence is irrelevant because it does not prove Appellants' assertion that the controversy is moot. Appellee concludes that the final judgment rendered in the Texas lawsuit cannot be considered as part of this court's record when Appellants have raised substantive issues regarding Louisiana privileges over documents for a Texas probate trust with a Texas trustee and such issues were fixed as of the trial court's August 1, 2022 judgment.

We note that the final judgment of the Texas Probate Court was not considered by the trial court in denying Appellants' motion to quash and for protective order and granting Appellee's cross motion. Since an appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence, we deny Appellant's motion to supplement the record.

**MOTION TO SUPPLEMENT RECORD DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.